**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 18, 2006
Decided May 9, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2648

| | |
|---|---|
| DONNA S. MILLER,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | No. 03 C 1391 |
| ADMINASTAR FEDERAL, INC.,<br>    *Defendant-Appellee*. | David F. Hamilton,<br>*Judge*. |

## O R D E R

AdminaStar Federal, Inc. fired Donna Miller for violating the company's policy against employing convicted felons after she pleaded guilty to felony possession of a controlled substance. Miller brought suit against AdminaStar alleging that she was fired because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and her age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* The district court granted summary judgment to AdminaStar because Miller failed to identify a similarly situated employee who was treated less favorably under the "no felony" policy and also failed to show that AdminaStar's stated nondiscriminatory reason for firing her was pretextual. We affirm the judgment.

AdminaStar provides fiscal intermediary services, such as claims processing and customer service, to Medicare providers and beneficiaries. Miller began her employment with AdminaStar's parent company in 1976 and remained at the Indianapolis office when it was reconfigured and renamed AdminaStar Federal in 1999 or 2000. When AdminaStar fired her in 2002, she was 46 years old and had held the position of Manager of Operations Services for eight years. AdminaStar has a policy prohibiting the employment of convicted felons. Throughout Miller's employment, the policy was communicated to employees through training, the Associate Handbook, the "Standards of Business Conduct" document, and acknowledgment forms that ask employees to self-disclose any felony convictions.

Miller was arrested in April 2002 for shoplifting. The arresting officer searched her purse and found methamphetamines. A week later, Miller informed her supervisor, Roderick King, that she had been arrested for shoplifting and drug possession. Miller also told Lydia Thompson of the human resources department, who informed her that she could be fired if convicted of a felony. In October 2002, Miller pleaded guilty in state court to one count of possession of a controlled substance, a Class D felony. Several days later, King terminated Miller's employment.

In granting AdminaStar's motion for summary judgment, the district court determined that Miller failed to identify a similarly situated employee—either male or substantially younger—who was treated more favorably than her under the company's "no felony" policy. The court also found that even if Miller could establish a prima facie case of discrimination, she failed to raise a genuine issue of material fact as to whether AdminaStar's stated nondiscriminatory reason for firing her was pretextual.

A plaintiff can prove discrimination under Title VII either through direct evidence or with indirect evidence using the burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the indirect method, the plaintiff must show prima facie evidence that she (1) is a member of a protected class, (2) was meeting her employer's legitimate performance expectations, (3) suffered an adverse employment action, and (4) was treated less favorably than similarly situated individuals who are not members of her protected class. *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005). This framework also applies to age discrimination claims under the ADEA. *Jordan v. City of Gary*, 396 F.3d 825, 833 (7th Cir. 2005).

Miller contends that the fact she was replaced by a substantially younger, male employee alone is sufficient evidence of discrimination to satisfy the fourth prong of the *McDonnell Douglas* test. Her sole authority for this assertion is *Olson*

*v. Northern FS, Inc.*, 387 F.3d 632 (7th Cir. 2004), in which we warned against a rigid adherence to *McDonnell Douglas:* "In an attempt to better reach the ultimate question of when . . . an employee within the protected class has been discharged and replaced, we have required that the employee show only that 'he was performing his job to the employer's legitimate expectations' and that the employer 'hired someone else who was substantially younger or other such evidence that indicates that it is more likely than not that his age . . . was the reason for the discharge.'" *Id.* at 635–36.

*Olson* is distinguishable, however, because there the plaintiff established a fact issue as to whether "age was a motivating factor in the decision to fire [him]." *Id.* at 635. Olson presented evidence that his younger replacement was under-qualified and that his employer explicitly stated that Olson was undesirable because of his age. *Id.* at 635–36. By contrast, Miller presented no evidence that her age or sex played any role in the decision to fire her. Because she failed to present any such evidence, the district court properly concluded that Miller failed to establish a prima facie case of discrimination.

In the alternative, Miller asserts that she satisfied the fourth prong of *McDonnell Douglas* by identifying two employees who, she contends, were similarly situated to her but were not terminated under the "no felony" policy. Specifically, Miller argues that employees David Edwards, a 63-year-old man, and JoAnn Scherrer, a 45-year-old woman, were similarly situated to her because they both "admitted to a felony" on the acknowledgment forms that AdminaStar requires its employees to submit. But after reviewing the acknowledgment forms, interviewing both individuals, and obtaining their criminal record reports, AdminaStar determined that Edwards and Scherrer were mistaken in believing that they had felony convictions. Rather, as the district court noted, Edwards was convicted of misdemeanor drunk-and-disorderly conduct, while Scherrer was convicted of a non-felony charge of driving under the influence. Because neither individual had committed a felony, the district court properly found that Miller failed to identify any similarly situated individuals who were treated more favorably under the "no felony" policy.

Miller also asserts that the district court erroneously concluded that she failed to present evidence that AdminaStar's proffered reason for firing her was a pretext for sex and age discrimination. She contends that she demonstrated pretext by showing that the "no felony" policy was not in writing, was arbitrarily enforced, and was not communicated to her or her supervisor.

Even if Miller could make out a prima facie case of discrimination, her claim would fail because she lacks evidence of pretext. If a plaintiff establishes a prima facie case under *McDonnell Douglas*, the burden shifts to the employer to provide a

legitimate, nondiscriminatory reason for its decision which, if satisfied, shifts the burden back to the plaintiff to show that the reason was "pretextual." *Ballance*, 424 F.3d at 617. The focus of a pretext analysis is whether the employer's stated reason for the termination was honest. *Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 823 (7th Cir. 2006). Pretext is not a mere "business error" but rather "a lie or deceit designed to cover one's tracks." *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 435 (7th Cir. 2005).

Miller presented no evidence that AdminaStar did not honestly believe that she violated the "no felony" policy. Her suggestion that the policy is unwritten and not communicated to employees, and therefore does not exist, has no merit because the policy is set forth in AdminaStar's Associate Handbook and in the company's "Standards of Business Conduct" policy, and Miller signed a form in June 2000 acknowledging her awareness of the policy. Miller's assertion that the policy was arbitrarily enforced is likewise unsupported by the record. Although she argues that a small percentage of acknowledgment forms are returned to AdminaStar with the felony disclosure question not completed, thus casting doubt over the enforcement of the policy, she presents no evidence that any of the incomplete forms were submitted by convicted felons, or that AdminaStar's alleged failure to follow up on the incomplete forms is anything other than a mere "business error" not rising to the level of deceit. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) (inevitable errors in processes of large organizations do not demonstrate cover-up of an unlawful motive).

Accordingly, the judgment of the district court is AFFIRMED.